IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

ANGELO PORRELLO,  )
                  )
    Plaintiff,    )
                  )
v.                )    Case No. 04-3269-CV-S-JCE
                  )
UNITED STATES OF AMERICA, et al.,  )
                  )
    Defendants.   )

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION OF THE UNITED STATES TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

COMES NOW Plaintiff, Angelo Porrello ("Porrello"), by and through counsel of record, pursuant to Federal Rules of Civil Procedure 12 and 56, and submits to the Court the following Suggestions in Opposition to Defendant United States of America, et al. ("the United States"), Motion to Dismiss or, in the Alternative, for Summary Judgment, as well as accompanying affidavits and exhibits.

### PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS

1. Admit by joint stipulation.

2. Admit by joint stipulation.

3. Admit by joint stipulation.

4. Admit by joint stipulation.

5. Admit by joint stipulation.

6. Admit by joint stipulation.

7. Admit by joint stipulation.

8. Admit by joint stipulation.

1

9. Admit by joint stipulation.

10. Admit that Plaintiff filed a cause of action under the FTCA alleging negligence against the United States, et al.

11. Admit by joint stipulation.

12. Admit as to what the law provides, not as interpreted by Gasaway.

13. Denied to the extent that the statutes and regulations require that when restraining or escorting a prisoner, reasonable measures must be taken to do so safely.

14. Denied to the extent that regardless of the internal policy, the law requires that reasonable measures be taken to escort a restrained prisoner safely.

15. Denied to the extent that the manner in which a restrained prisoner is escorted is discretionary, in that the DUSM entrusted with this position must use reasonable means to maintain the prisoner's safety.

16. Denied.

17. Admit by joint stipulation.

18. Admit that part of Plaintiff's complaint is that he was physically and roughly helped up after his fall.

19. Admit to the extent that Plaintiff testified he was "not quite sure" how he was helped up.

20. Admit by joint stipulation.

21. Admit by joint stipulation.

22. Admit.

23. Admit that this is one claim in Plaintiff's complaint.

2

24. Denied that Plaintiff was taken from the federal courthouse "no later than 1:30 p.m.).

25. (sic)

26. Admitted by joint stipulation.

27. Denied that Plaintiff was picked up by CCA "at or before 1:30 p.m.".

28. Admit that this is one claim in Plaintiff's complaint.

29. Admit that the medical records speak for themselves.

30. Admit as to what the law provides.

31. Admit.

32. Denied in that Plaintiff has not seen the agreement. Further denied in that the law requires that there is some control over CCA.

33. Admit.

34. Admit to the extent that CCA is a private business, but denied that CCA is not paid by the federal government, as it is subsidized per diem for each detainee or prisoner that is entrusted to its care.

## PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

1. On January 2, 2002, Plaintiff, then 78 years of age, was held at a CCA facility near Leavenworth, Kansas.

2. Plaintiff being elderly and due to prior injuries and surgeries that he had suffered, was unsteady and therefore required the use of a cane for walking. *(Porrello Depo. P. 10, Lines 1-8)*

3. Plaintiff was transported to the federal courthouse, on January 2, 2002, where, upon arrival, he was placed under the custody of USMS.

3

4. While in custody of USMS, Plaintiff remained fully shackled. *(Field Incident Report)*

5. While in custody of USMS, Plaintiff was denied the use of his cane. *(Porrello Depo. P. 14, line 5 – P.15, line 12)*

6. Plaintiff was escorted by a USMS into the courtroom, while shackled and without the benefit of his cane, and had no problems walking because the USMS held on to the chain behind him. *(Porrello Depo. P. 22, line 8-15)*

7. Following his hearing, Plaintiff stood up, as others were doing, and took a few steps, when he was tapped on the shoulder by a US Marshal turned and fell down. *(Porrello Depo. P. 25, lines 1-7)*

8. When Plaintiff fell, he struck his face, check, neck and shoulder against the floor, causing him severe injuries. *(Field Incident Report; medical records)*

9. After falling, the US Marshal assisted Plaintiff up to his feet, without first calling for emergency medical assistance to assess the extent of his injuries, causing him further pain and injury. *(Porrello Depo. P. 34, line 1-18)*

10. Plaintiff was transported back to the facility by CCA without receiving any medical treatment whatsoever for his injuries until several hours later, when he was treated at a nearby hospital. *(Porrello Depo. P. 41, line 2-21)*

11. Plaintiff claims that defendant was negligent in failing to use reasonable means to safely escort him to and from this hearing, and therefore, is entitled to relief under the Federal Tort Claims Act, 28 § 1346 et seq. ("FTCA").

4

## SUMMARY OF CASE

Plaintiff Angelo Porrello's claims are governed by the FTCA. Specifically, that the USMS, as an agency and department of the Government of the United States, was negligent by (1) failing to comply with the policies and procedures for physical movement of prisoners, such as Porrello, who are shackled; (2) failing to assist or support a prisoner of advanced age, such as Porrello (then 78 years of age) fully shackled when requiring the prisoner to stand or move to another location; (3) failing to obtain reasonable necessary medical care for Porrello after he fell and before physically returning him to a standing position, or requiring him to walk from the courtroom, and/or transporting him to CCA; (4) failing to obtain medical assessment and necessary emergency treatment for Porrello.

## STANDARD OF REVIEW

The government argues that Plaintiff Porrello's claims should be dismissed pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure because this court lacks subject matter jurisdiction over the matter and that Mr. Porrello has failed to state a claim upon which relief can be granted.

In the alternative, the United States brings this motion under Rule 56 of the Federal Rules of Civil Procedure which states that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling on a motion to dismiss for lack of subject matter jurisdiction the court must view the facts in the light most favorable to the party asserting jurisdiction

5

and that it is beyond doubt that no facts can support his claim. *Mattes v. ABC Plastics, Inc,* 323 F.3d 695, 698 (8th Cir. 2003); Defendants Motion, at 1. When ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the party opposing summary judgment. *Harris v. Interstate Brands Corp.*, 348 F.2d 761, 762 (8th Cir. 2003); Defendants Motion, at 2.

## ARGUMENT AND AUTHORITIES

**I.  Plaintiff's claims are not barred by the discretionary function exception to the FTCA.**

The United States argues that Mr. Porrello's claims should be dismissed or that summary judgment should be granted due to the "so-called discretionary function exception to the FTCA." Defendant's Motion at 3, *citing Anderson v. United States*, 548 F.2d 249, 250 (8th Cir. 1977). The government admits and case law supports the idea that courts have difficulty in applying the terms of the discretionary function exception. Defendants Motion, at 4.

The Supreme Court issued a two part test to determine the applicability of the discretionary function exception in *United States v. Gaubert*, 499 U.S. 315 (1991). The *Gaubert* court indicated that (1) the challenged conduct must involve and element of judgment or choice, and (2) that the judgment of choice must be based on considerations of policy. *Gaubert,* 499 U.S. at 322. However, as the government points out in its motion, if a federal statute, regulation, or policy specifically prescribes a course of conduct, the discretionary function exception <u>does not apply</u>. Defendant's Motion, at 4, citing *Gaubert,* 499 U.S. at 322 and *Berkovitz v. United States,* 481 U.S. 531, 536 (1988)(emphasis supplied).

6

The facts of this case show that the discretionary function exception does not apply with regard to the manner in which a Deputy United States Marshal escorts a fully restrained prisoner. The facts show that DUSM's are mandated to use full restraints on all prisoners at the federal courthouse in Kansas City, MO. However, as stated in *McCaffrey v. United States*, 1998 WL 560047 (D. Vt. Aug. 27, 1998), "the Marshal's Service is responsible for the safe and secure transfer of prisoners within its custody or the custody of the U.S. Bureau of Prisons. "*McCaffery* at 3, citing 18 U.S.C. § 3621-22, 4002, 4006-4008, 4013, 4082, 4046; 28 C.F.R. § 0.111(j)(k)(o). The DUSM's conduct, therefore, is the subject of a "mandatory federal statute, regulation or policy prescribing a specific course of action", as required by *Berkovitz*, 486 U.S. at 536 and not left to the discretion of the person.

Even if the court finds that the DUSM's conduct did involve an element of choice, the court must find whether the judgment was the kind that the discretionary function was designed to shield. *Appley Brothers v. United States*, 164 F.3d 1164, 1170 (8th Cir. 1999). The United States argues, based on the affidavit of Anthony Gasaway, that the safety of the DUSM, manpower, and economic issues play into the decision of a DUSM to hold a prisoner's belly/waist chain and that, these are exactly the types of "social, economic, and political policy" considerations that the discretionary function is designed to shield. Defendant's Motion at 7.

Plaintiff's position, however, is that specific facts relating to his case, namely his age and need for a cane, indicate that the decision by the DUSM's not to assist his transport do not fall within the safety, manpower, or economic issues advanced by Mr.

7

Gasaway. To the contrary, these judgments simply involve the ministerial conduct of carrying our required duties in a reasonably safe manner.

Mr. Porrello was approximately 78 years old at the time of the incident. The facts show that Mr. Porrello needed a cane to walk and had been allowed the use of a cane while in custody. After his arrival at the Federal Courthouse, on January 2, 2002, the cane was removed from his possession by the USMS. Knowledge that Porrello needed a cane heightened the United States Marshal's duty of safety during transport.

Had Mr. Porrello been able-bodied, or able to walk without assistance, he arguably would not have required the assistance of the DUSM. In this case, however, by removing the cane, the DUSM's mandatory and statutory duty to safely transport him clearly overrides any other policy considerations promulgated by the United States. Defendant's knowledge that Mr. Porrello needed a cane to walk, and the removal of his cane, altered any possible discretionary choice by the DUSM to a ministerial and statutorily mandated duty. Specifically, to ensure the safety of Mr. Porrello by assisting him as he stood up, sat down, and walked through the courthouse.

Certainly, Mr. Porrello was not a threat to the DUSM's safety. Mr. Porrello's safety could have been secured by the assistance of one Marshall holding his chain, which negates the economic or manpower issues given by Mr. Gasaway. The policy considerations used for able-bodied prisoners does not apply to Mr. Porrello under the facts of this case. The judgment of the DUSM not to assist Mr. Porrello, is not a judgment the discretionary function exception is designed to shield.

The United States cites *Singletary v. United States*, 82 Fed. Appx. 621, 2003 WL 22792404 (10th Cir. 2003) as support its position that the discretionary function

exception to the FTCA applies in the case of a prisoner falling while restrained by the Marshal's Service. *Singletary* is distinguishable in that there is no indication that the plaintiff in *Singletary* was infirm or otherwise handicapped. Mr. Porrello required the assistance of a cane to walk. The cane was taken from him by the United States Marshal's Service. Unlike in *Singletary*, where the policy considerations of DUSM safety were cited as the reason for making a prisoner kneel, such policy considerations were not present in Mr. Porrello's situation. The Plaintiff *in Singletary* had no need for the aid of a cane or other assistance in order to kneel because he reportedly was able-bodied and the DUSM's had no reason to think he would need help. The DUSM's for Mr. Porrello knew, or should have known, that he was not able to walk safely without his cane and were required by the mandate to safely transport prisoners to aid him in walking, which they failed to do. Assisting Mr. Porrello was the reasonable choice, clearly not up the DUSM"S discretion.

Furthermore, DUSM Mumford admitted fault in the incident. Approximately, one week following the incident Mr. Porrello returned to the Federal Courthouse for a hearing. *(Deposition of Angelo Porrello, at 46)*. While awaiting his appearance in court, Mr. Porrello spoke to Mumford stating "you know it was your fault," to which she responded "I know." *(Deposition of Angelo Porrello, at 47)*. Moreover, there was a witness to this conversations, Mr. Paul O'Brien who was also in the holding cell when the exchange occurred.[1] *(Deposition of Angelo Porrello, at 49)*. The significance of the above facts is that Mumford admits that she failed to use reasonable care to carry out her statutorily prescribed duty to safely transport a prisoner under her care.

---

[1] Attempts to contact Mr. O'Brien have to date not been successful.

9

In summary, the facts of this case show that Mr. Porrello's claims pursuant to the FTCA would entitle him to relief. Accordingly, defendant's motion to dismiss under Rule 12 is without merit. Further, the allegations in this case show that there are material facts in dispute, including but not limited to, whether or not Mr. Porrello had a cane and the statements of DUSM Mumford. Summary judgment, therefore, is not proper.

WHEREFORE, for the reasons stated above, Plaintiff Angelo Porrello respectfully requests that this court deny defendant's motions in their entirety, and for such further relief as this court deems right and proper.

Respectfully submitted,

STITES & HOPKINS

Peggy A. Ford, MO Bar No. 39061
1100 Main, Suite 2300
Kansas City, MO 64105
(816) 842-8889 / (816) 842-3088
e-mail: paford@stiteshopkins.com

and

Lawrence F. Gepford Jr.
The Gepford Law Group, L.C.
9200 Ward Parkway, Ste 550
Kansas City, MO 64114
(816) 333-9600 / (816) 363-3900
e-mail: 1234@gepfordlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Entry of Appearance was electronically filed with the Clerk of the Court using the CM/ECF system on this 14 day of December, 2005, which then sent electronic notification of such filing to: Jeffrey P. Ray, Esq., Assistant U.S. Attorney, UNITED STATES ATTORNEY'S OFFICE, Charles Evans Whittaker Courthouse 400 E. 9th Street, Room 5510, Kansas City, MO 64106.

/s/ Peggy Jon
Attorneys for Plaintiff